IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY S. ROSS,

        Petitioner,

v.

JERI TAYLOR,

        Respondent.

Civil No. 2:13-cv-01704-BR

OPINION AND ORDER

MICHELLE SWEET
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
FREDERICK M. BOSS
Deputy Attorney General
SAMUEL A. KUBERNICK
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

1 - OPINION AND ORDER -

Attorneys for Respondent

BROWN, Judge.

Petitioner, an inmate at the Two Rivers Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 21). For the reasons that follow, the Court DENIES the Amended Petition.

## BACKGROUND

In September 2003, a Benton County Circuit Court grand jury indicted Petitioner on nine counts of Rape in the First Degree, three counts of Unlawful Sexual Penetration in the First Degree, five counts of Sodomy in the First Degree, six counts of Using a Child in Display of Sexually Explicit Conduct, and fourteen counts of Sexual Abuse in the First Degree. The allegations involved three victims: Petitioner's biological daughter and son, and Petitioner's step-daughter.

The case was tried to a jury. At trial, the state presented three expert witnesses, Dr. Sabin, Dr. Mussack, and Dr. Chervenak. Dr. Sabin reviewed records and interviewed the daughter and step-daughter, and she testified about what the girls told her and about the common characteristics of children who have been sexually abused, particularly in familial situations. Dr. Mussack analyzed the son's school records but did not personally meet with him, and he testified about young men and how they react to being

2 - OPINION AND ORDER -

sexually abused, particularly in familial situations. Dr. Chervenak reviewed records, and he met with and physically examined Petitioner's daughter. Dr. Chervenak testified and provided a medical diagnosis that the daughter had been sexually abused despite her physical findings that the daughter presented within normal range. The expert witnesses' testimony was admitted by the trial judge over defense counsel's vigorous and continuing objection. The judge sympathized with the objections, but stated more than once that he was constrained by controlling Oregon case law.

On June 14, 2001, after several counts were dismissed by the state, the jury convicted Petitioner of nine counts of Rape in the First Degree, one count of Unlawful Penetration, five counts of Sodomy in the First Degree, six counts of Using a Child in Display of Sexually Explicit Conduct, and seven counts of Sexual Abuse in the First Degree. On July 27, 2001, the trial judge sentenced Petitioner to 1,156 months of imprisonment. Petitioner filed a motion for a new trial, which the trial judge denied.

Petitioner filed a direct appeal. He asserted three assignments of error, two concerned the expert testimony from Drs. Sabin and Mussack on the general characteristics and behaviors of sexually abused children, and the third concerned a money judgment entered against Petitioner. On April 13, 2005, the Oregon Court of Appeals issued a written opinion affirming Petitioner's

3 - OPINION AND ORDER -

convictions but remanding the case for re-sentencing on an issue about the money judgment imposed against Petitioner. *State v. Ross*, 199 Or. App. 1, 110 P.3d 630 (2005). Upon reconsideration, the Oregon Court of Appeals modified the pervious decision. *State v. Ross*, 200 Or. App. 143, 113 P.3d 921 (2005). The Oregon Supreme Court denied a petition for review. *State v. Ross*, 340 Or. 157, 130 P.3d 786 (2006).

On re-sentencing, the trial court imposed the same sentence as had been originally imposed, with the exception of the imposition of a judgment for court-appointed attorney fees. Resp. Exhs. 101, pp. 17-21, 116. Petitioner appealed, asserting a number of claims of sentencing error. The Oregon Court of Appeals affirmed in a *per curiam* opinion, and the Oregon Supreme Court denied review. *State v. Ross*, 227 Or. App. 626, 206 P.3d 1103, *rev. denied*, 346 Or. 364, 213 P.3d 578 (2009).

Petitioner then sought state post-conviction relief ("PCR"). Petitioner filed a *pro se* PCR petition alleging as a single ground for relief that trial counsel provided ineffective assistance of counsel by failing to "investigate medical history of [one of the victims] to refute medical examination facts and bring expert medical testimony from the medical doctor connected to that history." Resp. Exh. 121, p. 4. Appointed PCR trial counsel declined to file a Formal Petition for State Post-Conviction

4 - OPINION AND ORDER -

Relief, but counsel relied on the *pro se* petition. The state moved to dismiss based upon Petitioner's failure to satisfy the pleading requirements of Or. Rev. Stat. § 138.580. The PCR trial judge granted the state's motion and dismissed the proceeding with prejudice. Resp. Exhs. 123, pp. 9-10; 124.

On appeal, Petitioner argued only that the PCR trial court erred in allowing the motion to dismiss. In a written opinion, the Oregon Court of Appeals affirmed. *Ross v. Franke*, 254 Or. App. 650, 297 P.3d 486 (2013). The Oregon Supreme Court denied review. *Ross v. Franke*, 353 Or. 562, 302 P.3d 1182 (2013).

Petitioner now seeks habeas corpus relief from this Court pursuant to 28 U.S.C. § 2254. In his Amended Petition, Petitioner alleges the following claims for relief:

> **Ground One:** Petitioner was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorney failed to:
>
> (A) Appropriately consult with, retain, and use experts. This includes, but is not limited to experts to respond to the testimony presented by the State's experts;
>
> (B) Investigate;
>
> (C) Communicate with Petitioner relevant plea offers made by the State;
>
> (D) Communicate with Petitioner information relevant to the plea negotiation process;
>
> (E) File a motion permitting Petitioner to present evidence regarding prior sex abuse of one of the victims;

5 - OPINION AND ORDER -

(F) File a motion to suppress statements;

(G) Raise an objection to the admission of evidence that had been improperly handled by State investigators;

(H) Call appropriate defense witnesses, including failing to conduct investigation necessary to make strategic decisions about which witnesses to call;

(I) Properly object to Dr. Chervenak's testimony that included a diagnosis that Petitioner's daughter had been sexually abused was inadmissible, in the absence of any physical evidence of abuse;

(J) Raise an appropriate objection to prior bad acts;

(K) Prepare for, cross-examine, and impeach the State's witnesses at trial;

(L) Raise an appropriate objection to the playing of the tapes of the interviews of the two girls;

(M) Properly object to the expert testimony of Drs. Sabin and Mussack;

(N) Properly object to duplicative and bolstering testimony and evidence;

(O) File a motion for judgment of acquittal on the Count of Rape in the First Degree involving Petitioner's step-daughter on the grounds of insufficient evidence;

(P) Properly object to the prosecutor's comments during closing argument that vouched for the credibility of the testimony of the witnesses; and

(Q) Perform an adequate closing argument.

**Ground Two:** Petitioner was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his appellate attorney failed to assigned as error on appeal the following errors:

(A) The trial court's admission of a diagnosis of sexual abuse by a medical expert in the absence of any confirming physical evidence;

(B) The trial court's admission of improper expert testimony that commented on the credibility of testifying witnesses;

(C) The trial court's admission of duplicative and bolstering testimony; and

(D) The prosecutor vouching for the credibility of witnesses.

In his Brief in Support of Amended Petition, Petitioner provides argument on two sets of related claims, Ground One claims (C) and (D) relating to trial counsel's communications with Petitioner regarding plea negotiations and a possible plea offer, and Ground Two claims (A) and (B) regarding appellate counsel's failure to assign error to the trial court's admission of certain expert testimony. Petitioner expressly withdraws the claim alleged in Ground One claim (I), and does not provide argument on the remaining claims. As to the claims addressed in his Brief, Petitioner concedes they are procedurally defaulted, but argues the default is excused under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

## **LEGAL STANDARDS**

As noted, Petitioner concedes he procedurally defaulted the ineffective assistance of trial and appellate counsel claims addressed in his Brief, but he contends that his procedural default should be excused because he can establish cause under

7 - OPINION AND ORDER -

*Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1351. In order to satisfy *Martinez*, a habeas petitioner must show the following: (1) the underlying ineffective assistance of trial counsel claim is substantial; (2) the petitioner had ineffective counsel during the state collateral proceeding; (3) the state collateral proceeding was the initial review proceeding for the claim; and (4) state law required the petitioner to bring the claim in the initial review proceeding. *Trevino v. Thaler*, 133 S. Ct. 1911, 1919 (2013).

Here, there is not any question that Petitioner meets the third and fourth requirements because Oregon's post-conviction procedure is the initial review proceeding and Oregon law requires that ineffective assistance claims be raised at post-conviction. *State v. Robinson*, 550 P.2d 758, 758 (Or. App. 1976) (holding ineffective assistance claims may only be resolved in a postconviction proceeding); *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (noting Oregon requires ineffective assistance claims to be raised in a collateral proceeding), *cert. denied*, 133 S. Ct. 863 (2013).

The analysis, therefore, centers on prongs one and two. Under the first *Martinez* requirement, a petitioner must come forward with facts to demonstrate that his underlying ineffective assistance claim is "substantial," or has "some merit." *Martinez*, 132 S.Ct. at 1318. To establish a claim is "substantial," a petitioner must generally show that trial counsel rendered deficient performance and that petitioner suffered prejudice as a result of counsel's errors. *Pinnell v. Belleque*, Civ. No. 3:06-cv-00828-BR, 2015 WL 225817, at *3 (D.Or. Jan. 15, 2015).

Because the "substantiality" analysis under *Martinez* is not a merits review, but more akin to whether a certificate of appealability should issue, a habeas petitioner has satisfied the first prong of *Martinez* if he has shown the merits of a *Strickland* claim would be "debatable amongst jurists of reason" or the issues are deserving of further pursuit. *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322 (2003)), *cert. denied*, 134 S.Ct. 2662 (2014). Stated inversely, a claim is "insubstantial" if "it does not have any merit or . . . is wholly without factual support." *Martinez*, 132 S.Ct. at. 1319; *Detrich*, 740 F.3d at 1245.

Under the second *Martinez* prong, Petitioner must show that he either had no counsel on the initial post-conviction review, or that PCR counsel was "ineffective under the standards of

9 - OPINION AND ORDER -

Strickland." *Martinez*, 132 S.Ct. at 1318. Thus, Petitioner must show that PCR counsel's performance in the initial-review collateral proceeding fell below constitutional standards in order to establish "cause." *Id.* at 1319. Not every error by PCR counsel will constitute "cause"; indeed, PCR counsel "is not necessarily ineffective for failing to raise even a nonfrivolous claim." *Sexton*, 679 F.3d at 1157. To show prejudice, Petitioner must show that if PCR counsel had not performed deficiently, the result of the PCR proceeding would have been different. *Clabourne v. Ryan*, 745 F.3d 362, 376-77 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798 (9th Cir. 2015). This determination "is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* at 377-78. The court may address either inquiry first, as resolution of one prong may obviate the need to address the other. *Martinez*, 132 S. Ct. at 1319.

## I. Plea Negotiations

Petitioner argues he received ineffective assistance of counsel when his trial attorney failed to adequately communicate the plea offer from the state. Petitioner contends he had no knowledge of any plea negotiations. He further argues that his procedural default of this claim was excused because his PCR trial attorney's representation fell far below the standards mandated by

10 - OPINION AND ORDER -

the Sixth Amendment and that counsel caused Petitioner prejudice when he failed to advance Petitioner's plea negotiation claim.

The Supreme Court has applied the *Strickland* analysis to ineffective assistance claims arising from the plea process. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012); *Hill v. Lockhart*, 454 U.S. 52, 57 (1985). "[A]s a general rule, defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and failure to do so constitutes deficient performance. *Frye*, 132 S. Ct. at 1408. To establish prejudice in such context, a petitioner must demonstrate a reasonable probability that he would have accepted the plea offer and that the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it. *Id*.

Petitioner contends he was unaware of any plea negotiations or of a formal plea offer from the prosecutor until he saw an offer letter in materials he received after trial. However, as Petitioner acknowledges in his declaration, regardless whether he actually saw the offer letter prior to trial, he was aware of the general terms of the offer, *i.e.*, that the state proposed a sentence in the 20-40 year range.

Moreover, Petitioner was aware of and agreed to have a former Benton County Deputy District Attorney appointed to provide a second opinion in the case and he was aware of the memorandum she

11 - OPINION AND ORDER -

produced prior to trial. The memorandum opinion stated in no uncertain terms that the case should not go to trial unless Petitioner wanted to spend many years in prison. The opinion went on to discuss the author's belief that the state would likely go lower than the 20-40 year plea offer proposed, that Petitioner should counteroffer with 10-12 years, but that, ultimately, Petitioner should accept the 20-year offer.

Finally, Petitioner was present at a pre-trial hearing several months prior to trial when the prosecutor stated on the record that she believed she and Petitioner's attorney were in the middle of plea negotiations.

Under all of these circumstances, the Court concludes Petitioner has not demonstrated that he was unaware of the plea offer or of the possibility that his case could be resolved without a trial.

In any event, Petitioner also has not demonstrated that he would have accepted a plea deal within the sentencing range that the state would have been willing to accept or that a plea deal would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Frye*, 132 S. Ct. at 1409; *Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997). Although Petitioner avers that he personally told the prosecutor that he would agree to a 15-year sentence, the record reflects that offer was declined. In this action, the prosecutor averred that she

12 - OPINION AND ORDER -

never had such a conversation with Petitioner, but that, in any event, if trial counsel had offered to resolve the case with a 15-year sentence, she would have refused to agree to do so. Indeed, there is not any indication in her declaration or anywhere else in the record that the state would have been willing to accept a sentence lower than the 20-40 year range offered. Finally, Petitioner does not state in his declaration or anywhere else in the record that he would have been willing to agree to a sentence greater than 15 years.

Based on this record, the Court finds PCR counsel was not ineffective by not raising this claim and that this claim is not "substantial." Even assuming PCR counsel was aware of Petitioner's claim, his decision not to raise it does not fall below an objective standard of reasonableness. *See Sexton*, 679 F.3d at 1157 (PCR counsel is not ineffective for failure to raise a claim that is meritless). In any event, Petitioner does not show any prejudice resulting from PCR counsel's failure to raise this claim. Petitioner has not demonstrated a reasonable probability that the result of the proceeding would have been different absent trial counsel's purported error. Nor has Petitioner established cause pursuant to *Martinez* to excuse his procedural default. Accordingly, Petitioner is not entitled to habeas corpus relief on the claims alleged in Ground One, claims (C) and (D).

13 - OPINION AND ORDER -

## II. Expert Witness Testimony

Petitioner alleges he received constitutionally ineffective assistance of appellate counsel because his counsel on direct appeal did not assign error to the admission of Dr. Chervenak's testimony. At the time of Petitioner's trial in 2001, expert testimony as to a diagnosis of child sexual abuse was admissible in the absence of physical evidence of abuse. *Umberger v. Czerniak*, 232 Or. App. 563, 222 P.3d 751 (2009), *rev. denied*, 348 Or. 13, 227 P.3d 1172 (2010). Petitioner argues, nonetheless, that he should benefit from an Oregon Supreme Court Decision, *State v. Southard*, 347 Or. 127, 218 P.3d 104 (2009), which was issued after Petitioner's initial direct appeal concluded. In *Southard*, the Oregon Supreme Court concluded the prejudice to a defendant outweighed the slight probative value of an expert's diagnosis of sexual abuse in the absence of physical evidence of such abuse. *Id.* at 139-41. The Court concluded that such a diagnosis raises the risk the jury will conclude the victim's testimony is credible without engaging in its own credibility determination. *Id.*

The Ninth Circuit Court of Appeals, however, recently rejected an argument that appellate counsel should have anticipated the Oregon Supreme Court's *Southard* decision:

> Post-conviction counsel was ineffective only if it "amounted to incompetence" not to argue that direct-

14 - OPINION AND ORDER -

> appeal counsel was ineffective for failing to pursue a
> *Southard*-type claim. *Harrington v. Richter*, 562 U.S.
> 86, 131 S. Ct. 770, 778 (2011). in evaluating the
> strength of that argument, reasonable post-conviction
> counsel would have known that the Oregon Supreme Court
> hadn't even granted review in *Southard* when direct-
> appeal counsel filed his brief, and that we "do[] not
> mandate prescience, only objectively reasonable advice
> under prevailing professional norms." *Sophanthavong v.
> Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004); *see also
> Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994).
> Accordingly, reasonable post-conviction counsel could
> have viewed an attack on direct-appeal counsel's
> effectiveness as a "weaker issue[]" with "little or no
> likelihood of success." *Miller v. Keeney*, 882 F.2d
> 1428, 1434 (9th Cir. 1989).

*Williams v. Nooth*, 606 Fed. App'x 380 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1528 (2016). Moreover, prior to the Ninth Circuit decision, at least five other decisions from this District held counsel's failure to anticipate *Southard's* holding on the admissibility of a sexual abuse diagnosis does not constitute ineffectiveness. *Bowen v. Nooth*, Case No. 2:13-cv-00748-KI, 2015 WL 1492728 (D.Or. Apr. 1, 2015); *Hatchett v. Hill*, Civ. No. 06-1023-TC, 2011 WL 7443755 (D.Or. Dec. 21, 2011), *adopted*, 2012 WL 673767 (D.Or. Feb. 29, 2012); *Balogh v. Kilmer*, Civ. No. 3:10-1283-AC, 2012 WL 7830039 (D.Or. Nov. 29, 2012), *adopted*, 2013 WL 1352400 (D.Or. Apr. 3, 2013); *Gresser v. Franke*, Civ. No. 2:12-02073-HZ, 2014 WL 1155229 (D.Or. Mar. 20, 2014), *aff'd*, 628

Fed. App'x 960 (9th Cir. 2015); and *McLain v. Blackletter*, Civ. No. 3:08-1440-KI, 2012 WL 3116186 (D.Or. July 27, 2012).[1]

When Petitioner stood trial in 2001, "Oregon law allowed a medical expert to testify to a diagnosis of sexual abuse even if that diagnosis was based entirely upon what the victim told the expert." *Gresser*, 2014 WL 1155229, at *7 (citing *State v. Wilson*, 121 Or. App. 460, 462-67, 855 P.2d 657 (1993)). *Strickland* directs that reasonableness is judged as of the time of counsel's conduct and not in hindsight. *Bowen*, 2015 WL 1492728, at *7 (citing *Strickland*, 466 U.S. at 689-90; *Lowry*, 21 F.3d 344, 346 (9th Cir. 1994)).

In light of these authorities, Petitioner has not established that his ineffective assistance of appellate counsel claim as to the diagnosis of sexual abuse is substantial as required under *Martinez* to excuse Petitioner's procedural default. Accordingly, Petitioner is not entitled to habeas corpus relief on the claims alleged in Ground Two, claims (A) and (B).

### III. Claims Not Addressed in Petitioner's Brief

As noted, Petitioner does not address the remaining claims of ineffective assistance of trial and appellate counsel in his Brief

---

[1] Only one case in this district holds differently. *Wells v. Howton*, Civ. No. 6:07-cv-01117-TC, 2011 WL 5999356 (D. Or. Nov. 29, 2011). *Wells*, however, involved a unique set of facts and complicated procedural posture not present in this action.

16 - OPINION AND ORDER -

in Support of Petition. Additionally, Petitioner does not attempt to refute Respondent's argument that these claims do not entitle him to habeas corpus relief because they were procedurally defaulted. Accordingly, Petitioner has failed to sustain his burden of demonstrating why he is entitled to relief on his unargued claims. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (habeas petitioner bears the burden of proving his case); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) (same). Nevertheless, the Court has reviewed Petitioner's unargued claims on the existing record and finds that they are procedurally defaulted and that Petitioner is not entitled to habeas relief.

## CONCLUSION

For these reasons, the Amended Petition for Writ of Habeas Corpus (ECF No. 21) is DENIED, and this action is DISMISSED. The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 30th day of September, 2016.

_____
ANNA J. BROWN
United States District Judge